**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BORIANA VALENTINOV-KOVACE, AKA Boriana Kovatche | No. 05-74882 |
| Petitioner, | Agency No. A077-393-428 |
| V. | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2010[**]
San Francisco, California

Before: BRIGHT,[***] HAWKINS, and M. SMITH, Circuit Judges.

Petitioner Boriana Valentinov-Kovace (Kovace), aka Boriana Kovatcheve, a

thirty-six year old native and citizen of Bulgaria, seeks review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Immigration Appeals's (BIA) final order of removal. Kovace filed for political asylum and withholding of removal, asserting that she had experienced persecution in Bulgaria on account of her membership in the Jehovah's Witnesses faith. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Although the BIA was unpersuaded by the IJ's credibility determination, it adopted the IJ's decision to deny Kovace's petition based on a failure to show past persecution or a well-founded fear of future persecution. The BIA did not err in limiting the scope of its opinion in this way, *see Abebe v. Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc), and on appeal we consider only those portions of the IJ decision that the BIA adopted, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). In addition, Kovace is mistaken in her belief that the BIA was required to form a three judge panel to review the IJ's credibility finding de novo. *See* 8 C.F.R. § 1003.1(e)(6) (permitting but not requiring review by a three-member panel in certain circumstances).

Substantial evidence supports the BIA's determination that Kovace is not entitled to asylum because she has not shown past persecution or a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Although Kovace describes two serious instances of harassment by local authorities, as well as general social

intolerance of Jehovah's Witnesses, these instances, even considered cumulatively, do not rise to the level of persecution. *But cf. Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (Chinese Christian arrested, detained twice, physically abused, and forced to renounce religion); *Popova v. INS*, 273 F.3d 1251, 1258-59 (9th Cir. 2001) (anti-communist Bulgarian and her family relentlessly harassed, interrogated by police, beaten, threatened, and victimized by arson); *Korablina v. INS*, 158 F.3d 1038, 1041, 1044 (9th Cir. 1998) (petitioner persecuted for her Jewish heritage through continuous beatings, extortion, kidnapping, and death threats). Here, Kovace's instances of harassment are far fewer and much less severe than those of successful asylum seekers. Although she suffered discrimination because of her religion, the most egregious incidents were one physical confrontation with the police in which she was not detained and did not suffer serious physical injury (though she suffered some psychological harm), and one instance in which the police confiscated her group's written materials. Discrimination alone, though offensive, does not rise to the level of persecution. *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc); *see also Padash v. INS*, 358 F.3d 1161, 1166 (9th Cir. 2004 ) (Indian Muslim not eligible for asylum based on two incidents of religious-inspired violence).

Similarly, Kovace has not established a well-founded fear of future persecution, especially in light of the fact that the Bulgarian government has, since

the aforementioned instances of harassment, recognized and registered Jehovah's Witnesses as an official religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17, 1018 (9th Cir. 2003) (past harassment of Christian in Ukraine not persecution; future fear too speculative). Even if Kovace had shown that she suffered persecution in her own town of Russe, she can likely travel—and in fact has traveled in the past—to Sofia, the capital, to practice her religion free from persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B). Therefore, the BIA was correct in denying Kovache's petition for asylum.

Kovace's petition for withholding of removal was also properly denied. An alien seeking withholding of removal must show that her life or freedom is threatened or that she faces a clear probability of persecution. *INS v. Stevic*, 467 U.S. 407, 412 (1984). Kovace has not established asylum eligibility, therefore it necessarily follows that she does not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED**.